IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD LEES and<br>PAUL ROSSMANGO,<br><br>　　　　　Plaintiffs,<br>v.<br><br>MUNICH REINSURANCE AMERICA,<br>INC., UNKNOWN JOHN DOES 1-5,<br>UNKNOWN ABC CORPORATIONS 1-5,<br>individually, jointly, and severally,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:11-cv-03764 |

**DEFENDANT, MUNICH REINSURANCE AMERICA, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Of Counsel:
　　　Robert H. Bernstein

On the Brief:
　　　Robert H. Bernstein
　　　Phillip J. Lipari

1484716.1

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS**..................................................................................................... 2

**TABLE OF AUTHORITIES**............................................................................................. 3

**PRELIMINARY STATEMENT** ....................................................................................... 4

**STATEMENT OF FACTS**................................................................................................ 4

**ARGUMENT**...................................................................................................................... 5

    A.    It is Long-Settled that a Complaint is Completely Preempted by ERISA Where the Claim for Benefits Could Have Been Brought Under ERISA Section 502........5

    B.    It is Further Axiomatic, Pursuant to Firmly Entrenched Supreme Court Precedent, that Common Law Claims are Preempted Where They "Relate To" an Employee Benefit Plan............................................................................................................................7

    C.    Plaintiffs' Entire Complaint – Counts One Through Five – Should be Dismissed Because All of Their Claims Seek "Benefits Due" Under ERISA Section 502 and "Relate to" Munich Re's Benefit Plans Under ERISA Section 514 ...............................9

**CONCLUSION**................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

1975 Salaried Retirement Plan For Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401 (3d Cir. 1992) .................................................................................................. 9

Aetna Health Inc. v. Davila, 542 U.S. 200, 208-210 (2004) .................................................. 5

Alston v. Atlantic Electric, 962 F.Supp. 616 (D.N.J. 1997) ............................................. 10, 11

Bricklayers and Allied Craftsmen International Union Local 22 Benefit Funds, 950 F.2d at 117 .................................................................................................... 8, 10

Bruno v. Hershey Foods Corp., 964 F.Supp. 159, 163 (D.N.J. 1997) .................................. 8, 10

Bugher v. Feightner, 722 F.2d 1356 (7th Cir. 1983) ................................................................ 10

Difelice v. Aetna U.S. Healthcare, 346 F.3d 442, 445-446 (3d Cir. 2003) ............................ 6, 9

DiSanto v. United Healthcare Ins. Co., 2007 U.S. Dist. LEXIS 88085, (D.N.J. Nov. 30, 2007) ................................................................................................................ 11

Great-West Life & Annuity Ins. Co. v. Knudson , 534 U.S. 204 (2002) .................................. 5

Hartman v. Wilkes-Barre General Hosp., 237 F.Supp.2d 552, 556 (M.D.Pa. 2002) .................. 10

Illingworth v. Nestle U.S.A., Inc., 926 F.Supp. 482, 491 (D.N.J. 1996) .................................. 10

Ingersoll Rand Co. v. McClendon, 498 U.S. 133 (1990); ..................................................... 7, 8

Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) ..................................................................... 5

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). ................................................. 6

Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989) ............................................................. 7, 8, 10

Pilot Life Insurance, Co. v. Dedeaux, 481 U.S. 41 (1987); ................................................ 6, 7, 8

Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271 (3d N.J. 2001) ................................. 6, 9

Scheibler v. Highmark Blue Shield, 243 Fed. Appx. 691 (3d Cir. 2007); ........................... 6, 8, 9

Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983) .................................................................. 7, 8

Shiffler v. Equitable Life Assur. Soc. of U.S., 838 F.2d 78 (3d Cir. 1988) ........................... 7, 8

1484716.1

## PRELIMINARY STATEMENT

Plaintiffs filed a five-count Complaint on June 17, 2011 against Munich Reinsurance America, Inc. ("Munich Re" or the "Company"), alleging they are owed pension and other benefits under the Company's benefits plans.[1] On June 30, 2011, Munich Re removed the Complaint to this Court under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(l). Munich Re now moves to dismiss plaintiffs' Complaint on the grounds that ERISA sections 502 and 514, 29 U.S.C. § 1132, 1144, preempt the state law claims plaintiffs assert in their Complaint.

More specifically, Count One of plaintiffs' Complaint seeks declaratory judgment; Count Two alleges breach of contract; Count Three alleges promissory estoppel; Count Four alleges *quantum meruit*; and Count Five alleges "bad faith." Though veiled behind various common law theories, all Counts in the Complaint expressly seek "pension" and "severance benefits" allegedly owed to plaintiffs from Munich Re. Thus, pursuant to settled law, this action must be filed under ERISA and the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

According to plaintiffs' Complaint, American Reinsurance Company[2] hired Lees on July 1, 1991 and his "subordinate," Rossmango, on November 4, 1992. (Complaint, ¶¶ 4, 13, 15) On April 29, 2011, Rossmango's job with Munich Re was eliminated. (Complaint, ¶ 24) Shortly after Rossmango's employment separation, Rossmango and Lees allegedly learned that they would not receive the benefits to which they now claim they are entitled. (Complaint, ¶¶ 14, 24) Together, they brought the instant suit.

---

[1] Plaintiffs' Complaint is attached as Exhibit A to the Certification of Robert H. Bernstein, filed concurrently herewith.

[2] In 2006, American Reinsurance Company changed its name to Munich Reinsurance America, Inc.

Plaintiffs allege that from October 28, 1996 to August 15, 1999, they were "paid by an entity known as SMS" but were promised by Munich Re, in June 1999, that the Company would treat the time they were on the SMS payroll "as if [they] had been on the payroll of American Re-Insurance Company, a member of and predecessor of Munich Re ... for the purpose of all benefits, including pension benefits[.]" (Complaint, ¶¶ 7, 8, 18, 20)

Plaintiffs now assert various state common law claims expressly seeking benefits supposedly owed under Munich Re's pension and severance plans and demand, among other damages, "compensatory and consequential damages".[3] (Complaint, ¶¶ 14, 24, 36(d), 38, 41, 47 and 50)

Though every Count in plaintiffs' Complaint admittedly seeks "benefits due" under Munich Re's group-funded ERISA benefits plans, plaintiffs nowhere mention ERISA in their Complaint. Thus, under long-settled law, plaintiffs' myriad of state law claims warrant dismissal as they are preempted by ERISA.

## ARGUMENT

**A.     It is Long-Settled that a Complaint is Completely Preempted by ERISA Where the Claim for Benefits Could Have Been Brought Under ERISA Section 502**

It is well-settled that an action under ERISA section 502 is the exclusive remedy for claims for "benefits due" under an employee benefits plan and, thus, state law claims seeking "benefits due" must be preempted and dismissed. See 29 U.S.C. § 1132. Indeed, the Supreme Court recently reinforced, in Aetna Health Inc. v. Davila, 542 U.S. 200, 208-210 (2004), the breadth of ERISA section 502's preemptive effect when it

---

[3] To the extent plaintiff seeks extra-contractual or compensatory damages, the law is well established that ERISA does not provide any such recoveries. See e.g., Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002); Mertens v. Hewitt Assocs., 508 U.S. 248 (1993).

instructed:

> [A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.

Moreover, the Supreme Court described "ERISA['s] civil enforcement mechanism" as having "extraordinary pre-emptive power." Aetna Health Inc., 542 U.S. at 208-210. Thus, the Supreme Court found that "[ERISA] would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Id. citing Pilot Life Insurance, Co. v. Dedeaux, 481 U.S. 41 (1987); see also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987).

Likewise, the Third Circuit has consistently made clear that claims, such as those in plaintiffs' Complaint, simply cannot withstand ERISA's preemption under section 502. See Scheibler v. Highmark Blue Shield, 243 Fed. Appx. 691 (3d Cir. 2007); Difelice v. Aetna U.S. Healthcare, 346 F.3d 442, 445-446 (3d Cir. 2003); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271 (3d N.J. 2001). In Scheibler, for example, the Third Circuit explained:

> [W]e have consistently held that a plaintiff's state law claims are preempted by ERISA if 'the claim could have been the subject of a civil enforcement action under § 502(a). That section allows civil actions 'by a participant or plan beneficiary ... to recover benefits due to him under the terms of his plan.' Thus, we have explained that 'challenges [to] an administrative decision regarding whether a certain benefit is covered under an ERISA plan' are completely preempted by ERISA.

243 Fed. Appx. at 693. (Internal citations omitted)

Thus, where plaintiffs seek "benefits due" and/or "challeng[e] an administrative decision regarding whether certain benefits are covered under [a Company's pension or severance] plan," (or where, as here, plaintiffs seek "declaratory judgment" to enforce the purported terms of an employee benefits plan) their only remedy is under ERISA.

B. **It is Further Axiomatic, Pursuant to Firmly Entrenched Supreme Court Precedent, that Common Law Claims are Preempted Where They "Relate To" an Employee Benefit Plan**

Assuming plaintiffs' claims are not covered under ERISA section 502 (which they are), they are preempted by ERISA for another independent reason: ERISA preempts all state law claims that so much as "relate to" an employee benefit plan. 29 U.S.C. § 1144, as amended; Ingersoll Rand Co. v. McClendon, 498 U.S. 133 (1990); Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987); Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983); Pane v. RCA Corp., 868 F.2d 631 (3d Cir. 1989); Shiffler v. Equitable Life Assur. Soc. of U.S., 838 F.2d 78 (3d Cir. 1988). The Supreme Court instructed in Shaw:

> The breadth of § 514(a)'s pre-emptive reach is apparent from that section's language … Congress used the words '**relate to**' in § 514(a) in their broad sense. To interpret § 514(a) to pre-empt only state laws specifically designed to affect employee benefit plans would be to ignore the remainder of § 514.

Shaw 463 U.S. at 96-98 (emphasis added).

The Supreme Court has given the "broadest common sense meaning" to the term "relate to" such that "a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Ingersoll Rand, 498 U.S. at 138 citing Shaw, 463 U.S. at 96-97. The Third Circuit likewise holds that claims "relate to" benefits plans under ERISA section 514(a) simply where the claims "reference" a benefits plan. The Third Circuit explained:

> [A] state law … claim "relates" to the benefit plan in that "it has a connection with or reference to such a plan," even if the law is not specifically designed to affect employee benefit plans.

Scheibler, 243 Fed. Appx. at 693. (internal citations omitted); accord Bricklayers and Allied Craftsmen International Union Local 22 Benefit Funds, 950 F.2d at 117 citing Shaw, 463 U.S.

at 96-97 ("[A] law relates to an employee benefit plan ... if it has a connection with or *reference* to such a plan.") (emphasis in original)

Indeed, Congress intended to give ERISA broad, sweeping authority over any and all state laws relating in any way to employee benefit plans; the plain language of the statute states: "The provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a). "State laws" include both statutes and common law. See 29 U.S.C. § 1144(c)(1) ("state law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law..."); Ingersoll Rand, 498 U.S. at 138-39 quoting 29 U.S.C. § 1144(c)(1) (the Court stated that "Congress used equally broad language in defining the 'State law' that would be preempted."); Bruno v. Hershey Foods Corp., 964 F.Supp. 159, 163 (D.N.J. 1997) (recognizing broad scope of ERISA).

This broad preemption is necessary to eliminate the threat of conflicting or inconsistent State or local regulation of employee benefit plans and to "reserve to Federal authority the sole power to regulate the field of employee benefit plans." Pilot Life, 481 U.S. at 46 (quotations omitted); accord Ingersoll Rand, 498 U.S. at 138. The Supreme Court and the Third Circuit have repeatedly made clear that state laws may relate to a benefit plan even if the law is not specifically designed to affect such plans or the effect is only indirect. Id. at 138 (citing Pilot, 481 U.S. at 47); Shiffler 838 F.2d at 81 (state law relates to a benefit plan if it has "a connection with or reference to such a plan"); Pane, 868 F.2d at 635 ("The term 'relate to' has been construed broadly."); Bruno 964 F.Supp. at 163. Where state law claims seek to enforce a benefits policy or seek redress with respect to the administration of employee benefits, those claims will be preempted by ERISA. Id.

Accordingly, though ERISA plan participants frequently assert claims under the guise of state law misrepresentation, estoppel or breach of contract when they purportedly relied upon some misrepresentation regarding what pension or welfare benefits they were to receive, the Third Circuit - following the United States Supreme Court - has repeatedly held that ERISA preempts all such state law claims.  See Scheibler, 243 Fed. Appx. 691 (affirming dismissal and holding, "all of [plaintiff's various state law] claims are directed at [Defendant's] decision not to cover certain treatment for her husband, and are thus completely preempted by §§ 502(a) and 514(a) of ERISA."); 1975 Salaried Retirement Plan For Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401 (3d Cir. 1992) (holding that because the subject employee benefit plan "'relates to' an ERISA plan[,]" the employee's state claims are preempted); Pryzbowski, 245 F.3d 266 (3d Cir. 2001) (applying preemption to breach of contract, bad faith and negligence claims, among others); DiFelice, 346 F.3d 442 (3d Cir. 2003) (affirming dismissal of state law claims and finding that they were completely preempted where they "could have been brought under section 502(a) of ERISA for the recovery of benefits due under [plaintiff's] plan.").

Hence, under long-settled principles from the United States Supreme Court, the Third Circuit and this Court, where claims so much as "relate to" an employee benefits plan, they are properly preempted under ERISA section 514.

**C.   Plaintiffs' Entire Complaint – Counts One Through Five – Should be Dismissed Because All of Their Claims Seek "Benefits Due" Under ERISA Section 502 and "Relate to" Munich Re's Benefit Plans Under ERISA Section 514**

According to their Complaint, plaintiffs seek to enforce various "benefits" plans, namely for "severance and pension benefits." (Emphasis added)  However, courts in this Circuit have repeatedly and consistently barred common law claims identical to plaintiffs'

1484716.1

here. See Bricklayers and Allied Craftsmen International Union Local 22 Benefit Funds v. America's Marble Source, Inc., 950 F.2d 114 (3d Cir. 1991 citing Bugher v. Feightner, 722 F.2d 1356 (7th Cir. 1983), cert. denied, 469 U.S. 822 (1984) (specifically addressing pension funds, court reasoned that "ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), has always authorized civil suits to enforce the terms of a plan, and suits to enforce terms requiring the payment of contributions have been brought under this provision."); Pane 868 F.2d at 625 (employee's state law claims for breach of contract/promissory estoppel and breach of implied covenant of good faith and fair dealing in claim for severance benefit preempted by ERISA); Hartman v. Wilkes-Barre General Hosp., 237 F.Supp.2d 552, 556 (M.D.Pa. 2002) (plaintiff's claims for breach of contract, misrepresentation, unjust enrichment, promissory estoppel and duty of good faith and fair dealing preempted by ERISA); Bruno, 964 F.Supp. at 164 (dismissing plaintiff's common law claims of breach of contract, negligent misrepresentation and breach of fiduciary duty because they related to plaintiff's claim for benefits under an ERISA plan); Illingworth v. Nestle U.S.A., Inc., 926 F.Supp. 482, 491 (D.N.J. 1996) (ERISA preempts employee's claim for breach of contract related to severance plan).

This Court's decision in Alston v. Atlantic Electric Company is directly on point. 962 F.Supp. 616 (D.N.J. 1997). There, as here, plaintiffs claimed that they were entitled to payments under defendant's pension and severance plans pursuant to alleged "representations" by their employer. Id. at 620-21. Plaintiffs sued, alleging various state common law claims, including: breach of fiduciary duty, fraud, negligent misrepresentation, promissory estoppel, breach of contract and a violation of good faith and fair dealing. Id. at 622.

This Court in Alston determined that common law claims respecting the pension or

1484716.1

severance plans were preempted under ERISA. The Court found:

> Plaintiffs [allege] that they relied on … information [from defendants] and were subsequently injured by [defendant's] decision to exclude them … therefore, [plaintiffs' state law claims] are governed by ERISA [and] these state law causes of action are also preempted by ERISA.

Id. 624; accord DiSanto v. United Healthcare Ins. Co., 2007 U.S. Dist. LEXIS 88085, (D.N.J. Nov. 30, 2007) (This Court held that "ERISA completely preempts Plaintiff's state law claims" where "Plaintiff's claim for benefits … require[d] the Court to consider and apply the Plan's terms[,] [and, thus] the claim directly relate[d] to the Plan.")

Here, as in Alston and DiSanto, plaintiffs seek "benefits [purportedly] due." And all claims "relate to" Munich Re's benefits plans. (See Complaint, ¶¶ 36(d), 38, 41, 47, 50) The plain language from plaintiffs' own Complaint explicitly seeks "pension" and "severance benefits" due under these plans:

- Respecting Count I, plaintiffs seek a "Declaratory Judgment," such that they desire "severance benefits and pension credit" under Munich Re's benefits plans. (Complaint, ¶ 36(d)) This action should have been brought under ERISA section 502 and it further "relates to" Munich Re's benefits plan under ERISA section 514. 29 U.S.C. §§ 1132, 1144  This action cannot be pursued as a state, common law claim.

- Respecting Count II, plaintiffs seek damages for "Breach of Contract," for "Plaintiff's [purported] entitlement to pension credit … and severance benefits." (Complaint, ¶ 38) This claim should have been brought under ERISA section 502 for benefits due. 29 U.S.C. § 1132. Further, it undisputedly requires interpretation and enforcement of the Company's benefits plan and therefore is preempted as it "relates to" a benefits plan. 29 U.S.C. § 1144. This action must be pursued under ERISA.

- Respecting Count III, plaintiffs pursue a claim for "Promissory Estoppel" because "Munich Re, by way of numerous [supposed] representations, [allegedly] promised Plaintiffs severance benefits and pension credit[.]"

- (Complaint, ¶ 41) This claim could and should have been brought under ERISA section 502. 29 U.S.C. § 1132. Indeed, it undisputedly "relates to" Munich Re's benefits plans. 29 U.S.C. 1144. This claim, like all the others, is preempted by ERISA.

- Respecting Count IV, plaintiffs bring an action for *quantum meruit* "based upon their efforts and the [purported] conduct of Munich Re in not honoring its full commitment to severance and pension benefits." (Complaint, ¶ 47) By plaintiffs' own language, this claim seeks benefits covered exclusively under ERISA. The claim is therefore preempted under 29 U.S.C. § 1144 and 29 U.S.C. § 1132.

- Respecting Count V, plaintiffs summarily allege that Munich Re acted in "bad faith by refusing to honor" its supposed obligations under its pension and severance benefits plans. (Complaint, ¶ 50) This claim should have been brought under ERISA and it is uncontroverted that the claim "relates to" a benefits plan. 29 U.S.C. §§ 1132, 1144. Again, ERISA preempts this claim.

While plaintiffs have couched their claimed entitlement to benefits in terms of common law claims, it is unquestionable that the claims consist of nothing more than a dispute over Munich Re's benefit plans. Thus, plaintiffs' common law claims (comprising the entirety of their Complaint) should be dismissed. Indeed, the basis for this dismissal has been so long and well established over more than 30 years of ERISA litigation that Munich Re will not belabor the argument further. Plaintiffs cannot in good faith assert otherwise.

1484716.1

## CONCLUSION

For the foregoing reasons, defendant Munich Re's Motion to Dismiss should be granted on all claims and plaintiffs' Complaint should be dismissed in its entirety.

    Respectfully submitted,

    CONSTANGY, BROOKS & SMITH, LLP

    By:   /s/ Robert H. Bernstein
          ROBERT H. BERNSTEIN
          A Member of the Firm

    100 Overlook Center, 2nd Floor
    Princeton, New Jersey 8540
    Telephone: (609) 357-1180
    Facsimile: (609) 357-1194
    rbernstein@constangy.com

DATED: July 21, 2011    Attorneys for Defendant,
    Munich Reinsurance America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2011 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Donna Jablonski

1484716.1