NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICHARD LEES and PAUL ROSSMANGO,

    Plaintiffs,

    v.

MUNICH REINSURANCE AMERICA, INC., UNKNOWN JOHN DOES 1-5, UNKNOWN ABC CORPORATIONS 1-5, individually, jointly, and severally,

    Defendants,

Civil No. 11-3764 (AET)

**OPINION**

THOMPSON, U.S.D.J.

### I. INTRODUCTION

This matter has come before the Court upon the Motion to Dismiss filed by Defendant Munich Reinsurance America, Inc. ("Munich Re") [docket # 5]. Plaintiff Richard Lees opposes the motion [9]. The Court has decided the motion upon the submissions of both parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion is granted.

### II. BACKGROUND

This case involves misrepresentations Defendant allegedly made to Plaintiffs regarding Plaintiffs' entitlement to pension and benefits. Plaintiff Lees[1] is an employee of Defendant Munich Re at its office in Princeton, NJ. (Compl. ¶ 1.) Lees was hired by Munich Re's

---

[1] Because Plaintiff Rossmango has settled all of his claims against Defendants, *see* (Pl.'s Opp'n 1 n.1); (Def.'s Reply 1 n.1), we need not address Rossmango's claims in detail.

-1-

predecessor, American Re-Insurance Company ("American Re") on July 1, 1991, and from October 28, 1996, through August 15, 1999, Lees worked for American Re but received his pay from an entity known as SMS. (*Id.* at ¶¶ 4–5.) In June 1999, American Re sought to transfer Lees from SMS's payroll to American Re's payroll. (*Id.* at ¶ 6.) Lees allegedly required carryover of his pension benefits as a condition of switching companies and declining a sign-on bonus. (*Id.* at ¶¶ 7–8.) According to the Complaint, American Re's Human Resources ("HR") representatives Robert Humes and Virginia Zdanowicz advised Plaintiff that American Re would treat the time Lees was on the SMS payroll as if he had been on the American Re payroll for the purpose of all benefits, including pension benefits. (*Id.* at ¶ 9.) Lees's employee profile at the company now known as Munich Re allegedly states that Lees's date of hire was July 1, 1991. (*Id.* at ¶ 11.) And after the payroll transfer, Lees retained the same employment duties, telephone number, and e-mail address. (*Id.* at ¶ 10.) Based upon the HR representations, the employment date listed on his employee profile, and his agreement to decline a sign-on bonus, Lees assumed that he would be given pension credit for the period during which he was on SMS's payroll. (*Id.* at ¶ 12.) However, Munich Re informed Lees sometime after April 2011 that he would not be receiving pension credit for this time period. (*Id.* at ¶ 13.)

On June 1, 2011, Plaintiffs filed the Complaint in New Jersey Superior Court. (*See generally* Notice of Removal Ex. A, Compl.) [1-1]. Defendant Munich Re removed the Complaint to this Court on June 30, based on subject-matter jurisdiction over Plaintiffs' claims for benefits under pension and severance plans subject to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. (Notice of Removal ¶ 4) [1]. On July 21, Defendant Munich Re filed a motion to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs' state

law claims are preempted by sections 502 and 514 of ERISA, *see* 29 U.S.C. §§ 1132, 1144. (Def.'s Mem. in Supp. of Mot. to Dismiss 4.)

### III. ANALYSIS

#### A. Legal Standard for Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court must accept as true all of a plaintiff's factual allegations, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is facially plausible. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Facial plausibility exists where the facts pled allow the court reasonably to infer that "the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 129 S. Ct. at 193). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* (quoting *Iqbal*, 129 S. Ct. at 195).

#### B. ERISA Preemption

ERISA is a federal statute that governs the rights and obligations of participants and beneficiaries of employee benefit plans. *See* 29 U.S.C. § 1001(b). Under ERISA § 502(a)(1)(B), "A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

ERISA includes preemption provisions in order to ensure that "employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Specifically, ERISA § 514(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Accordingly, any state-law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc.*, 542 U.S. at 209.

Here, Plaintiffs' Complaint seeks relief clearly governed by ERISA § 502(a). Plaintiffs request in Count I declaratory judgment that Plaintiffs are "entitled to a pension credit," (Compl. ¶ 36); in Count II, Plaintiffs seek damages for Munich Re's breach of its contractual obligation to provide Plaintiffs with "pension credit . . . and severance benefits[,]" (*id.* at ¶ 38); in Count III, Plaintiffs pursue a promissory estoppel claim insofar as Munich Re "promised Plaintiff severance benefits and pension credit[,]" (*id.* at ¶ 41); in Count IV, Plaintiffs seek *quantum meruit* based on Munich Re's unjust enrichment in receiving Plaintiffs' employment efforts "without properly compensating Plaintiffs through full severance and pension benefits[,]" (*id.* at ¶ 47); and Plaintiffs allege in Count V that Munich Re acted in bad faith by refusing to honor its contractual obligations—namely, those relating to its pension and benefit plans, (*id.* at ¶ 50). Because each claim not only "relates to" an employee benefit plan but also "supplants the ERISA civil enforcement remedy," all Counts must be dismissed as preempted by ERISA. However, this dismissal shall be without prejudice to Plaintiffs' ability to file an Amended Complaint alleging causes of action under ERISA.

-5-

## IV. CONCLUSION

For the reasons stated above, and for good cause shown, Defendant's motion to dismiss is granted without prejudice. An appropriate order will follow.


                                                                 */s/ Anne E. Thompson*
                                                           ANNE E. THOMPSON, U.S.D.J.

DATE:    September 22, 2011