RECEIVED

NOT FOR PUBLICATION

APR - 9 2012

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AT 8:30_____M
WILLIAM T. WALSH
CLERK

RICHARD LEES and PAUL ROSSMANGO,

    Plaintiffs,

    v.

MUNICH REINSURANCE AMERICA, INC.,
UNKNOWN JOHN DOES 1-5, UNKNOWN
ABC CORPORATIONS 1-5, individually,
jointly, and severally,

    Defendants.

Civil No. 11-3764 (AET)

**OPINION**

THOMPSON, U.S.D.J.

## I. INTRODUCTION

    This matter has come before the Court upon Defendant Munich Reinsurance America, Inc.'s ("Munich Re") Motion to Dismiss the Amended Complaint [docket #s 23, 24]. Plaintiff Richard Lees opposes the motion [26]. The Court has decided the motion upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion is granted.

## II. BACKGROUND

    This case involves misrepresentations allegedly made to Plaintiff regarding his entitlement to certain pension credit and benefits. Plaintiff Lees is an employee of Defendant Munich Re at its office in Princeton, NJ. (Am. Compl. ¶ 1). Lees was hired by Munich Re's predecessor, American Re-Insurance Company ("American Re"), on July 1, 1991, and from October 28, 1996 through August 15, 1999 Lees worked for American Re but received his pay

-1-

from an entity known as SMS. (*Id.* ¶¶ 4–5). In June 1999, American Re sought to transfer Lees

from SMS's payroll to American Re's payroll. (*Id.* ¶ 6). Lees allegedly declined a sign-on

bonus and required the carryover of his pension benefits as a condition of switching companies.

(*Id.* ¶¶ 7–8). According to the Amended Complaint, American Re's Human Resources ("HR")

representatives Robert Humes and Virginia Zdanowicz advised Plaintiff that American Re would

treat the time Lees was on the SMS payroll as if he had been on the American Re payroll for the

purpose of all benefits, including pension benefits. (*Id.* ¶ 9). Lees's employee profile at the

company now known as Munich Re allegedly states that Lees's date of hire was July 1, 1991.

(*Id.* ¶ 11). After the payroll transfer, Lees retained the same employment duties, telephone

number, and e-mail address. (*Id.* ¶ 10). Based upon the HR representations, the employment

date listed on his employee profile, and his agreement to decline a sign-on bonus, Lees believed

that he would be given pension credit for the period during which he was on SMS's payroll. (*Id.*

¶ 12). However, Munich Re informed Lees sometime after April 2011 that he would not be

receiving pension credit for this time period. (*Id.* ¶ 13).

On June 1, 2011, Lees along with another Munich Re employee, Paul Rossmago

(collectively, "Plaintiffs"), filed a complaint in New Jersey Superior Court. (*See generally*

Notice of Removal Ex. A, Compl.) [1-1]. Defendant Munich Re removed the Complaint to this

Court on June 30, 2011 on the basis of federal questions jurisdiction over the Plaintiffs' claims

for benefits under pension and severance plans subject to the Employment Retirement Income

Security Act ("ERISA"), 29 U.S.C. § 1001. (Notice of Removal ¶ 4) [1]. On July 21, 2011,

Defendant Munich Re filed a motion to dismiss the Plaintiffs' Complaint on the grounds that the

Plaintiff's state law claims were preempted by sections 502 and 514 of ERISA, *see* 29 U.S.C. §§

1132, 1144 [5].[1]  On August 22, 2011, this Court granted Munich Re's motion, dismissing the Complaint, and permitting Plaintiffs 21 days to cure the deficiencies of its previous complaint. On October 11, 2011, Plaintiffs filed the Amended Complaint [16].  Defendants now move to dismiss the Amended Complaint.

### III. ANALYSIS

In the Amended Complaint, Lees seeks clarification from this Court that he is entitled to pension credit for the period when he was on the payroll of SMS pursuant to 29 U.S.C. § 1132(a)(1)(B), under which a participant or beneficiary of an ERISA plan can bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." (Am. Compl. ¶ 22).  In addition, Plaintiff asserts that pursuant to § 1132(a)(2), Munich Re has breached its fiduciary obligation to Plaintiff by failing to honor his entitlement to pension credit for that period. (*Id.* ¶ 24).  Plaintiff further seeks "appropriate equitable relief" under several theories pursuant to § 1132(a)(3), which allows actions for equitable relief to remedy statutory ERISA violations.

Munich Re argues that the claims against it should be dismissed because, *inter alia*: (1) the Amended Complaint improperly regurgitates state-law claims that this Court has previously dismissed; and (2) Plaintiff has failed to exhaust his plan administrative remedies before bringing this action. (Def.'s Br. at 1–2).  Because the Court finds this latter argument is dispositive of the pending Motion, Defendant's other arguments need not be addressed.

### A. Legal Standard for Motion to Dismiss

---

[1] Plaintiff Rossmango has settled all of his claims against Defendants. *See* Consent Order of Dismissal of Plaintiff Paul Rossmango's Complaint with Prejudice, entered Oct. 19, 2011 [20].

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).

When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is

-4-

entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194). When considering a Rule 12(b)(6)

motion, a court's role is limited to determining whether a plaintiff is entitled to offer evidence in

support of the alleged claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does

not consider whether a plaintiff will ultimately prevail. *See id.*

### B. The Exhaustion Requirement under ERISA

ERISA is a federal statute that governs the rights and obligations of participants and

beneficiaries of employee benefit plans. *See* 29 U.S.C. § 1001(b). Section 502(a)(1)(B) allows a

participant or beneficiary to bring a civil action "to recover benefits due to him under the terms

of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Before bringing a civil action,

however, a plaintiff must first exhaust his remedies available under the Plan. *See Harrow v.*

*Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citing *Weldon v. Kraft, Inc.*, 896

F.2d 793, 800 (3d Cir. 1990) (citations omitted)); *Berger v. Edgewater Steel Co.*, 911 F.2d 911,

916 (3d Cir. 1990). Even so, the United States Court of Appeals for the Third Circuit has held

that exhaustion is not required where the participant or beneficiary seeks to assert rights

established by the ERISA statute. *See D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002)

(citing *Zipf v. AT&T*, 799 F.2d 889, 891 (3d Cir. 1986)). In other words, where Plaintiffs bring

actions not to enforce the specific terms of a plan but rather to assert substantive rights granted

by ERISA, such as the right not to be subject to unlawful discharge or harassment for obtaining

their statutory rights, such claims are not subject to exhaustion. *See Zipf*, 799 F.2d at 891.

Similarly, the Third Circuit has noted that true breach of fiduciary duty claims may not be

subject to the exhaustion requirement. *See D'Amico*, 297 F. 3d at 291 ("More recently, we have

also recognized the possibility of waiving exhaustion in cases where statutory rights stem from

the fiduciary duties set forth in section 404 of ERISA"); *see also Engers v. AT&T*, 428 F. Supp.
2d 213, 230 (D.N.J. 2006) ("The rationale behind this exception is that a claim involving a
breach of fiduciary duty involves no administrative expertise and thus exhaustion serves no real
purpose." (citation omitted)).  However, a plaintiff cannot evade the exhaustion requirement by
bringing a statutory claim that "merely recasts [a] benefits claim in statutory terms," *D'Amico*,
297 F.3d at 291 n.3, or "by artfully pleading benefit claims as breach of fiduciary duty claims,"
*Engers*, 428 F. Supp. 2d at 230.  As the Third Circuit has made clear, exhaustion requirements
for fiduciary allegations hinge on whether the allegations amount to a claim for plan benefits.
*See D'Amico*, 297 F.3d at 291.  Where "alleged fiduciary breaches involve a claim for benefits
when 'resolution of the claims rests upon an interpretation and application of an ERISA-
regulated plan rather than on an interpretation and application of ERISA' itself," such claims are
subject to exhaustion.  *Id.* (quoting *Harrow*, 279 F.3d at 253–54).

    Defendant argues that although Plaintiff's complaint asserts statutory rights and fiduciary
duties under ERISA, Plaintiff's underlying claims are really ones for benefits, more accurately
arising under § 502(a)(1)(B).   Reviewing the Amended Complaint, the Court agrees.  Plaintiff's
claims under 1132(a)(2) and (a)(3) are in fact claims for specific benefits rather than an
interpretation of ERISA itself.   In essence, Plaintiff requests to be awarded pension credit for the
period of October 28, 1996 through August 15, 1999.  (*See, e.g.*, Am. Compl. ¶¶ 22, 25, 30).
And although in his opposition papers Plaintiff contends that Munich Re's argument "is, among
other things, without merit" Plaintiff seems to concede that at least one of the counts of his
Complaint require exhaustion.  (*See* Pl.'s Opp'n 17 ("Counts II through VIII of Plaintiff's
Amended Complaint . . . do not require exhaustion of administrative remedies")).

Consequently, to avoid dismissal he must have exhausted his administrative remedies or must establish that exhaustion would be futile.

Far from being a procedural cudgel, "courts generally favor compliance with exhaustion provisions because they can often resolve disputes without court involvement; or alternatively the process crystalizes the issues, and the court has the benefit of the reasoning of those entrusted with implementing the plan." *See Raetsch v. Lucent Techs., Inc.*, No. 05-5134, 2008 WL 2433529, at * 16 (D.N.J. June 12, 2008). In addition, courts require exhaustion "to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'" *Henshaw v. Roofers Local No. 4 Pension Fund*, No. 04-6106, 2006 WL 2715138, at *2 (D.N.J. Sept. 22, 2006) (citing *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir.1980)).

As far as this Court has been informed, the claims in this case have not been submitted to the plan fiduciaries by Plaintiff. Because Plaintiff has neither exhausted his remedies nor made any claim that exhaustion under these circumstances would be futile, Plaintiff cannot bypass the administrative process and seek judicial relief.

IV.   <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion to dismiss is granted. An appropriate Order will be entered.

DATE:___4/5/12_____

_____
ANNE E. THOMPSON, U.S.D.J.